### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| In re: Robert J. Yonkee,<br><br>                    Debtor.<br>----------------------------------------------<br>Bernice Fitak,<br><br>                    Plaintiff,<br><br>v.<br><br>Robert J. Yonkee,<br><br>          Defendant – Debtor. | Bankruptcy No.  08-B-72959<br>Adversary No. 08-A-96096<br>Chapter 7<br>Judge Manuel Barbosa |

### MEMORANDUM OPINION

This matter comes before the Court on the motion to dismiss filed by defendant - debtor

Robert J. Yonkee ("Debtor") on July 27, 2009, pursuant to Fed. R. Civ. P. 12(b)(6) made applicable

through Fed. R. Bankr. P. 7012.[1]   This is actually the second time the Court has examined the

sufficiency of the Plaintiff's pleadings.  The Plaintiff filed an original adversary complaint objecting

to discharge of debtor on December 15, 2008.  This Court dismissed the original complaint upon a

motion to dismiss for insufficiently pleading a claim under Rule 9(b) on June 1, 2009, but granted

the Plaintiff leave to file an amended complaint within 30 days.  The Plaintiff filed an amended

adversary complaint on July 1, 2009 (the "Amended Complaint"). Again, the Debtor filed a motion

---

[1]Unless otherwise noted, references to Rules herein shall be references to the Federal
Rules of Civil Procedure, as incorporated by the relevant Federal Rule of Bankruptcy Procedure.

to dismiss for a failure to sufficiently plead a claim in the Amended Complaint, on July 27, 2009, and again the Court grants the Debtor's motion to dismiss for the reasons set forth herein. The Court grants leave for the Plaintiff to file a second amended adversary complaint within thirty days consistent with this opinion.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## FACTS AND BACKGROUND

The following facts and procedural history are taken from the Plaintiff's Amended Complaint and response to Debtor's motion to dismiss, as well as Debtor's motion to dismiss. Because the matter is before the Court on a motion to dismiss, the Court accepts as true all of the factual allegations contained in the adversary complaint. See, e.g., Erikson v. Pardus, 551 U.S. 89, 93-94 (2007); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In September 1997, the Debtor "entered into an agreement" with the Plaintiff that she would purchase real property at 231 East Lake Street in Bartlett, Illinois, which the Debtor would use for his business and for which the Debtor would pay the Plaintiff rent. (Compl. ¶3). In order to fund the purchase, the Plaintiff took out a mortgage on her home, for which she received a $95,000 check on September 2, 1997, which she endorsed and gave to the Debtor. (Compl. ¶¶4-5). The Plaintiff and the Debtor "agreed" the bank draft would be used to purchase the property in the Plaintiff's name, and the Plaintiff "requested" to attend the closing or have her attorney present, but the Debtor

never informed her of the closing date. (Compl. ¶¶7-8). The Debtor used the check to purchase the property, but placed the property into a trust with the Debtor's wife as the sole beneficiary, and failed to list, declare or record any interest of the Plaintiff in the property. (Compl. ¶9). A year later, on or about June 22, 1999, the Debtor "offered" to make payments to the Plaintiff, and in fact started paying $1,000 per month, which "was characterized as a monthly 'installment loan.'" (Compl. ¶¶13-14). The Debtor continued to make these payments for two years, totaling $24,000, then stopped. (Compl. ¶15).

In December 1997, the Debtor "convinced" the Plaintiff to purchase a 1995 Mercury Sable from him. (Compl. ¶18). The Plaintiff paid the Debtor $10,000 plus the trade-in value of two of her vehicles. (Compl. ¶21). The Debtor "represented that the mileage was 20,000 and that the odometer read the same," but "altered, reset, concealed and/or misstated the actual mileage which was over 56,000." (Compl. ¶19).

In connection with the real property and automobile transactions, on August 21, 2002, the Plaintiff brought a lawsuit for fraud in the Circuit Court of Cook County against the Debtor. (Compl. ¶24). On February 26, 2004, the parties settled for $36,000, and the Debtor "agreed" to pay the Plaintiff monthly installments of $500, and further "agreed" that if the Debtor defaulted in payment, a judgment would be entered against the Debtor, and such judgment "shall be a malice judgment that is not dischargeable in bankruptcy." (Compl. ¶27-28). In connection with the settlement, the Debtor signed a stipulation to dismiss the state court proceedings. (Compl. ¶29). The Debtor made 12 payments, totaling $6,000, then stopped. (Compl. ¶30), On May 16, 2007, the Plaintiff brought a motion in the state court to enforce the settlement. (Compl. ¶31). On some date thereafter, the

Debtor "represented" that he would pay the Plaintiff $9,000 on September 1, 2007, and would make

"good faith payments during the interim." (Compl. ¶33). "In reliance [on Debtor's] assurance," the

Plaintiff obtained a judgment order for the $30,000 outstanding plus interest, but which stayed

enforcement until Sept. 1, 2007. (Compl. ¶35). On August 28, 2007, the Debtor sent a check for

$5,000 "not to be cashed until Sept. 4, 2007" and "promised" to make payments of $300 a month,

but no further payments were sent. (Compl. ¶38). The Plaintiff filed a citation to discover assets

in the state court on June 9, 2008, which was to be heard on Aug. 25, 2008, but was put over to Sept.

16, 2008. (Compl. ¶¶40-41). The Debtor filed a petition for relief under Chapter 7 of the

Bankruptcy Code with this Court on Sept. 15, 2007.

## DISCUSSION

### Standard under Rule 12(b)(6), Rule 8 and Rule 9(b)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, rather than

the merits of the case. In re Irmen, 379 B.R. 299, 307 (Bankr. N.D. Ill. 2007) (citing Gibson v. City

of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)). Under Rule 12(b)(6), a court must take as true

all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. See

Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995); Neiman v. Irmen (In re Irmen), 379 B.R. 299,

307 (Bankr. N.D. Ill. 2007).

The Debtor argues that the Plaintiff's Amended Complaint does not adequately plead the

claims for relief under Rule 8, or meet the higher pleading standards for fraud under Rule 9(b), and

should therefore be dismissed under Rule 12(b)(6). Under Rule 8(a), a pleading for a claim for relief

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8. The "Rule reflects a liberal notice pleading regime, which is intended to focus

litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of

court." Brooks v. Ross, 2009 WL 2535731 (7th Cir. Aug. 20, 2009) (citing Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002)). The focus of the Rule is to "give the defendant fair notice of what

... the claim is and the grounds upon which it rests." Brooks, 2009 WL 2535731 (citing Erikson v.

Pardus, 551 U.S. 89, 93 (2007)). While this does not require "detailed factual allegations," a

"formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (May 18, 2009). Instead, the complaint must contain "enough facts to state a claim to

relief that is plausible on its face." Twombly at 570. The plausibility standard is not a "probability

standard," but it is higher than mere possibility, so the well-pleaded facts cannot be "merely

consistent with a defendant's liability," but must demonstrate a plausible "entitlement to relief."

Iqbal at 1949 (citing Twombly at 556-57). As the Seventh Circuit has recently stated, "courts must

accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or

implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." Brooks,

2009 WL 2535731.    Where fraud is alleged, a more rigorous pleading standard comes into play.

In re Jacobs, 403 B.R. 565, 573 (Bankr. N.D. Ill. Apr. 9, 2009). "In alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake." Id. (quoting Fed. R.

Civ. P. 9(b)). Thus, a plaintiff must state the "'who, what, when, and where' of the alleged fraud."

Id. (quoting Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992)). An adversary

complaint should not merely assert allegations that "are conclusory or based on 'information and

belief.'" Irmen, 379 B.R. at 310; see also John Deere Co. v. Broholm (In re Broholm), 310 B.R. 864,

875 (Bankr. N.D. Ill. 2004) (citing <u>Veal v. First Am. Sav. Bank</u>, 914 F.2d 909, 913 (7th Cir. 1990)). If Rule 9(b) has not been satisfied, the Court may grant leave for movant to file an amended adversary complaint. <u>Kaye v. City of Milwaukee</u>, No. 06-3139, 2007 U.S. App. LEXIS 29339, at *4 (7th Cir. 2007).

### 11 U.S.C. § 523(a)(2)(A) Claim

Section 523(a)(2)(A) provides a limited exception to the dischargeability for individual debtors for any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 <u>U.S.C.</u> § 523(a)(2). Section 523(a)(2)(A) lists separate grounds for nondischargeability: actual fraud, false pretenses, and a false representation. <u>Bletnitsky v. Jairath</u> (<u>In re Jairath</u>), 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001). Even though the elements for each exception vary under common law, courts in the Seventh Circuit are required to apply a single test to all three grounds, with the exception that misrepresentation and reliance thereon is not always required to establish actual fraud. <u>Jairath</u>, 259 B.R. at 314 (citing <u>McClellan v. Cantrell</u>, 217 F.3d 890, 894 (7th Cir.2000)). To sustain a claim under section 523(a)(2)(A), a creditor must establish the following elements: (1) the debtor made a false representation of fact (2) that the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive, and (3) the creditor justifiably relied on the false representation. <u>Baker Dev. Corp. v. Mulder</u> (<u>In re Mulder</u>), 307 B.R. 637, 643 (Bankr. N.D. Ill. 2004); <u>Bednarsz v. Brzakala</u> (<u>In re Brzakala</u>), 305 B.R. 705, 710 (Bankr. N.D. Ill. 2004). To prevail

on a § 523(a)(2)(A) claim, all three elements must be established. <u>Glucona Am., Inc. v. Ardisson</u> (<u>In re Ardisson</u>), 272 B.R. 346, 357 (Bankr. N.D. Ill. 2001). Failure to establish any one fact is outcome determinative. <u>Jairath</u>, 259 B.R. at 314.

The problem with the Plaintiff's Amended Complaint is that it fails to allege any fraudulent misrepresentation with sufficient detail to satisfy Rule 9(b). Other than the reference to a written stipulation filed with the state court,[2] the Amended Complaint gives no indication whether any of the purported communications which are claimed to be the basis of the fraud, fraudulent misrepresentation or false pretenses forming the foundation of the claim, were written or oral, were directly between the Defendant and the Plaintiff or through counsel or agents, or were in person, over the telephone, through letters, or through some other form of communication. It is essential to indicate the method of communication and the precise parties communicating in order to give the Debtor-Defendant fair notice of what statements or actions the Plaintiff alleges form the basis of her fraud claim. This is not only to help identify to the Debtor-Defendant which statements or actions are at issue, but to give the Debtor-Defendant the ability to build a defense. For example, whether reliance on the misrepresentation was justifiable could vary based on the context of the misrepresentation, such as whether it was a formal or informal communication, whether the parties were advised, and the relative knowledge of each party. Also, whether the alleged agreements were in writing or oral could have affected their enforceability as contracts. Instead, the Amended Complaint consistently uses vague terms such as "agreed," "entered into an agreement," "requested," "offered," and "convinced," without any indication of whether such "agreements" were in writing

---

[2]There is no real indication in the Amended Complaint of the contents of the written stipulation other than it 'reflected' the terms of the settlement.

or were the result of direct conversations or other forms of communication. As an example, the Amended Complaint states that certain payments were "characterized as a monthly installment 'loan,'" but gives no indication as to who characterized the payment as a loan. Presumably it was the Debtor who characterized it as such, but did the Debtor write this on the check itself? Was it written in a letter with the check? Was it in an oral statement when handing over the check? The Debtor, as well as the Court, is left to guess. The Amended Complaint also states that the Debtor "altered, reset, concealed and/or misstated the actual mileage of the Sable." But which was it? Did he physically tamper with the odometer, or did he simply misstate the mileage in a conversation? The Plaintiff need not remember conversations word-for-word, or set them out word-for-word in her pleadings, but she must at least indicate if they were conversations at all, and between who and who, and whether in person or by phone. Although the Amended Complaint contains more detail than the original complaint, it still does not meet the "who, what, when, and where" test that is required when pleading a claim based on fraud.

### 11 U.S.C. § 727 Claims

The Court is baffled by the Plaintiff's references to 11 U.S.C. § 727(a)(4) and 727(a)(6)(A), since all of the transactions and events detailed in the Amended Complaint occurred prior to the filing of the bankruptcy petition. The Plaintiff seems to have misread these portions of Section 727 to apply to actions taken in state court proceedings unrelated to a bankruptcy case. For example, the Plaintiff states that the Debtor's refusal to obey the settlement order of the state court should preclude the Debtor's discharge under 11 U.S.C. § 727(a)(6)(A). However, Section 727(a)(6)(A) clearly refers to orders "of the court," meaning this Court, or the Bankruptcy Court, and not to "any"

court. Similarly, the Plaintiff's reference to 11 U.S.C. § 727(a)(4) seems misplaced, since that section refers to fraudulent oaths or actions "in or in connection with the case," of which none are alleged in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court grants Debtor's motion to dismiss and grants leave for the Plaintiff to file a second amended adversary complaint within thirty days consistent with this opinion.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: October 5, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge